```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


BRIAN OTEN                          :
    Petitioner,                     :
                                    :
v.                                  :    Civil No.  3:12-CV-0343(AVC)
                                    :
UNITED STATES OF AMERICA            :
    Respondent.                     :
```

### RULING ON HABEAS CORPUS PETITION
### PURSUANT TO 28 U.S.C. § 2255

The pro se petitioner, Brian Oten, has filed a petition to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. §2255.[1] Oten challenges his conviction and subsequent sentencing.

The issues presented are whether Oten received ineffective assistance of counsel with respect to his trial counsel's failure to raise a Tenth Amendment jurisdiction defense, failure to research Oten's prior convictions as applied under 21 U.S.C. § 851, failure to properly investigate prior dismissed state proceedings and the defendant's assertion that there were not over 11 grams of cocaine base, and failure to preserve at

---

[1] 28 U.S.C. § 2255 provides in relevant part, as follows: "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.

sentencing that the FSA was retroactive to the defendant at sentencing.

For the reasons hereinafter set forth, the court liberally construes Oten's § 2255 motion and concludes he sufficiently raised an issue in ground five of the motion, with respect to retroactive application of the crack-cocaine sentencing amendment to his case pursuant to United States v. Dorsey 132 S.Ct. 2321 (2012).  In addition, the court concludes that grounds one through four fail to show a violation of Oten's right to effective assistance of counsel.  Accordingly, the petition is hereby GRANTED in part and DENIED in part.

## FACTS

On April 4, 2009, a grand jury returned an indictment against Oten, charging him with knowing and intentional possession with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

On July 15, 2009, the defendant entered a plea of guilty to count one of the indictment. On March 2, 2011, the court sentenced the defendant to a term of imprisonment of 60 months and 4 years of supervised release, on his guilty plea to possession with intent to distribute five grams or more of cocaine base. At sentencing, the court found a total offense

level of 17 and a criminal history category of VI. The applicable guideline range for this offense level and criminal history category was 51 to 63 months. At sentencing, however, the court concluded that 21 U.S.C. § 841(b)(1)(B) carried a five-year mandatory minimum sentence. Accordingly, the court found an applicable guideline range of 60 to 63 months, in accordance with the parties agreement, and imposed a 60-month sentence.

On July, 30, 2012, the defendant filed a motion seeking a reduction of his sentence pursuant to U.S.C. § 3582(c)(2) and the Supreme Court's recent decision in Dorsey v. United States, 132 S.Ct. 2321 (2012). The defendant argued that the five-year mandatory minimum sentence no longer applies in his case because he was sentenced after August 3, 2010, the date the Fair Sentencing Act (hereinafter the "FSA" or the "Act") went into effect. On August 7, 2012, the government filed a notice regarding Oten's motion for a reduced sentence in this case. The government opposed the defendant's motion on procedural grounds and argued that the proper avenue for relief is a motion brought pursuant to 28 U.S.C. § 2255, rather than U.S.C. § 3582(c)(2). It conceded, however, that the defendant is eligible for a reduction of his sentence under Dorsey.

Upon review, and with the required notice to the defendant, see Castro v. United States, 540 U.S. 375, 383 (2003), the court

recharacterized the defendant's motion as one filed under 28 U.S.C. § 2255. On January 7, 2013, the defendant filed, and the court subsequently granted, a motion seeking to amend his motion for a reduced sentence to one filed pursuant to 28 U.S.C. § 2255.

On April 30, 2013, the court granted Oten's motion to correct his March 7, 2012, § 2255 motion so that he satisfied procedural requirements by mailing a copy of the petition to United States Attorney David Fein.

## STANDARD

Section 2255 of the United States Code, Title 28, provides a prisoner in federal custody with the ability to move the court which imposed his sentence to vacate, set aside, or correct the sentence if it is in violation of the United States Constitution or federal law. See United States v. Morgan, 346 U.S. 502 (1954). The second circuit has held that a prisoner may collaterally attack a final criminal conviction by way of a section 2255 petition "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect' which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996)(citing United States v. Bokum, 73 F.3d 8, 12 (2d Cir. 1995)). "[T]he scope of review on a § 2255 motion should be 'narrowly limited' in order

to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." Id. at 590.

A petitioner who seeks to challenge a criminal conviction collaterally through a 2255 petition "must overcome the threshold hurdle that the challenged judgment carries with it a presumption of regularity." Williams v. United States, 481 F.2d 339, 346 (2d Cir.), cert. denied, 414 U.S. 1010 (1973). The petitioner has the burden of showing that he is entitled to relief. Id.

The second circuit has made clear that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

## DISCUSSION

Oten argues that he was denied effective assistance of counsel based upon the fact that his attorney 1) failed to raise a tenth amendment jurisdiction defense; 2) failed to research Oten's prior convictions as applied under 21 U.S.C. § 851; 3) failed to properly investigate prior dismissed state proceedings; 4) failed to investigate the defendant's assertion

5

that there were not over 11 grams of cocaine base; and 5) failed to preserve at sentencing that the FSA was retroactive to the defendant at sentencing.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that in order to prove a claim for ineffective assistance of counsel, a defendant must first prove that counsel's assistance "fell below an objective standard of reasonableness." Id. at 688.  The defendant must also prove "that there is a reasonable probability[2] that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694; see also United States v. White, 174 F.3d 290, 294 (2d Cir. 1999).  In Strickland, the Court noted that "[j]udicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  The Court further stated that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the

---

[2] The Court recognized that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

6

circumstances, the challenged action 'might be considered sound trial strategy.'" White, 174 F.3d at 294 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

## I. Failure to Raise a Defense – Tenth Amendment

Oten first argues that he was denied effective assistance of counsel based upon the fact that his attorney did not raise a "tenth amendment jurisdiction defense for movant's 'nickel and dime' simple routine drug addiction offense." Specifically, Oten argues "[t]here was no tactical reason not to raise a jurisdictional challenge while the bond decision by the Supreme Court was pending." Further, Oten argues that "[c]ounsel's failure to argue this jurisdictional defense was constitutionally deficient and prejudicial" because there is reasonable probability that he would have received a different, shorter sentence as "his co-defendants received in state court for simple possession."

The government did not respond to this argument.

"Because no court has ever accepted the argument that federal laws criminalizing possession and distribution of controlled substances are unconstitutional and the Supreme Court has specifically rejected it, such an argument is without merit. Failure to raise a non-meritorious argument does not constitute ineffective assistance of counsel." United States v. Rivera-Avalos, 2012 WL 1205671 (D. Nev. Apr. 11, 2012) (where

7

petitioner argued that his counsel was ineffective for failing to argue that the statutes under which he was convicted, as well as all federal statutes prohibiting "victimless crimes," are invalid under the Tenth Amendment).

This ground of Oten's § 2255 habeas petition fails to allege sufficient grounds to support the conclusion that his counsel's assistance "fell below an objective standard of reasonableness" or "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668(1984); <u>see</u> <u>also</u> <u>United States v. White</u>, 174 F.3d 290, 294 (2d Cir. 1999).

## II. <u>Failure to Research and Investigate</u>

Oten argues three grounds with respect to ineffective assistance of counsel for failure to research or investigate. First, Oten argues that he received erroneous advice from his counsel "to induce acceptance of a plea agreement" because "counsel failed to research the law before rushing movant into a plea and not investigating his version of the case." Specifically, Oten argues "[c]ounsel's erroness [sic] advice went against circuit law because the 851 notice didn't apply to movant and the most he was facing was 5 years whether he pled guilty or went to trial." Oten argues that this "caused him from

8

searching a lesser included offense independently research and investigate circuit precedent as mandated by the ABA code of professional responsibility."

The government did not respond to this argument.

Second, Oten argues that the "[f]ailure to investigate the prior dismissed state proceedings counsel was ineffective for failing to investigate why the state court dismissed movant's state drug charge." Specifically, Oten argues "[a]t the very least he should of interviewed movant's state attorney and review the state court suppression hearing transcripts . . . [o]r requested a court appointed investigator to do this plus secure the videotape from the police car that shows the search was illegal and interview his corroborating co-defendant witnesses that were in the car with him."

The government did not respond to this argument.

Third, Oten argues that the "failure to investigate movant's claim that there were not over 11 grams of cocaine base that was seized by not having an expert to test the drugs" constituted ineffective assistance of counsel. Specifically, Oten argues that counsel was ineffective for failing to investigate that movant's 'nickel and time' [sic] simple routine drug addiction offense amounted to more than 11 grams of crack without ordering an independent lab expert to test the seized

9

drugs and would have found this was consistent with the simple possession defense (21 possession 844) movant wanted to prove."

The government did not respond to this argument.

"To establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that their testimony would have probably changed the outcome of the trial . . . [h]owever, there is no prejudice if, factoring in the uncalled witnesses, the government's case remains overwhelming." Ross v. United States, 2010 WL 419383 at *14 (N.D. Iowa Jan. 29, 2010)(citing Stewart v. Nix, 31 F.3d 741, 744 (8th Cir.1994); Armstrong v. Kemna, 2010 WL 10389, *13 (8th Cir. Jan.5, 2010) (internal quotations omitted).

A defendant asserting "ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet." Talik v. United States, 2010 WL 3271972 at *6 (N.D.W. Va. Jan. 8, 2010) report and recommendation adopted, 2010 WL 3271973 (N.D.W. Va. Aug. 17, 2010). Consequentially, "when a defendant challenges a conviction entered after a guilty plea, [the] prejudice prong of the [*Strickland*] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.1988).

Oten fails to demonstrate that but for these errors asserted in grounds two through three, the result of the proceeding would have been different. In sum, these three grounds (2-4) of Oten's § 2255 habeas petition fail to sufficiently support the conclusion that his counsel's assistance "fell below an objective standard of reasonableness" or "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668(1984); see also United States v. White, 174 F.3d 290, 294 (2d Cir. 1999).

### III. Failure to Preserve Applicability of the FSA at Sentencing

Finally, Oten argues that his counsel "was ineffective for not preserving as sentencing that the FSA was retro-active [sic] to movant at sentencing." Specifically, the defendant argues that his "[c]ounsel's decision not to advice [sic] movant of this appealable argument without consulting available jurisprudence to make an informed or competent decision could never be tactical." Oten further argues that "but for counsel's error the result of movant's sentence would have been consistent with its codefendants in state court."

The government responds by agreeing with the defendant that he is entitled to relief under 28 U.S.C. § 2255. Specifically,

the government states that "[a]lthough phrased as a claim of ineffective assistance of counsel, the defendant does refer to his rights under the [Fair Sentencing Act] in seeking relief in Ground Five." The government states that "[t]he defendant was sentenced after the passage of the FSA, but was sentenced under the pre-FSA mandatory thresholds," and, therefore, in light of Dorsey v. United States, the defendant is entitled to be re-sentenced without regards to a five year mandatory minimum, and a guidelines range of 51 to 63 months' imprisonment.

On August 3, 2010, Congress passed the Fair Sentencing Act of 2010 ("the Act"), Pub.L.No. 111-220, § 2, 124 Stat. 2372, that, among other things, reduced the statutory penalties for crack cocaine offenses and eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. The Act reduces the disparity in federal criminal penalties between powder and crack cocaine offenses.

On June 12, 2012, the United States Supreme Court held that defendants who committed offenses involving crack cocaine before the enactment of the Act, but who were sentenced after the Act's effective date of August 3, 2010, are entitled to the benefits of the Act's lower penalty provisions. See Dorsey 132 S.Ct at 2335 (concluding that "Congress intended [the Act's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders").

12

The court need not decide the question of whether the defendant's counsel provided ineffective assistance before Dorsey v. United States was decided;  it is clear that the Act applies retroactively to Oten in this case because he was he sentenced after August 3, 2010.

When a petitioner proceeds pro se in bringing a § 2255 petition, the court must liberally construe his petition.  See Billy-Eko v. United States, 8 F.3d 11, 117 (2d Cir. 1993)(acknowledging a "judicial interest in interpreting pro se pleadings liberally in the interests of fairness to pro se litigants"). The court concludes that Oten sufficiently raised an issue in ground five of his § 2255 motion, a claim that the Act applies retroactively to his case pursuant to Dorsey.

Accordingly, the 60-month mandatory minimum no longer applies and does not raise the defendant's advisory guideline range. Rather, the defendant is subject to a maximum term of 20 years' imprisonment and 3 years to life supervised release pursuant to 21 U.S.C. § 841(b)(1)(C). The defendant is therefore entitled to relief under the Act and his previously imposed sentence shall be vacated.

The defendant's amended guideline range is 51 to 63 months, based on a total offense level of 17 and a criminal history category VI. Upon consideration of the Act, the amended advisory

guideline range, the pre-sentence report, the attachments made thereto, the submissions of the parties, as well as the factors set forth in 18 U.S.C. § 3553, it is hereby ORDERED that the defendant's term of imprisonment contained in the judgment entered by the court in Oten's criminal case, U.S. v. Oten (3:09-cr-00088-AVC-1) be reduced to a term of **fifty-one (51) months**. The court finds that this reduction is consistent with the applicable policy statements issued by the Sentencing Commission. All other aspects and conditions of the defendant's previous sentence, including four years of supervised release, payment of the $100 assessment, and any special conditions of supervised release, are unchanged and shall remain intact.

## CONCLUSION

For the foregoing reasons, the petitioner's motion to vacate, set aside or correct his sentence (**document no. 1**) is GRANTED in part and DENIED in part.

So ordered this 11th day of October, 2013, at Hartford, Connecticut.

/s/
Alfred V. Covello
United States District Judge